Yates, J.,
delivered the opinion of the court. It was decided in Craig v. Ward, (9 Johns. Rep. 197.) that the mere possession of a personal chattel, with the consent of the true owner, will not render the chattel liable to the debts or disposition of the reputed owner, unless it appeared that the possession was fraudulent, and for some deceptive purpose, which might be implied from the special circumstances of the case. This decision did not impair the general principle of law, that a continued possession of goods by a vendor is prima facie evidence of fraud, as against creditors. In Farrington v. Smith, (15 Johns. Rep. 430.) the court applied this general principle to the ease of a sale under an execution, and said that there must be evidence to repel the presumption. In the present case, the evidence on which it is sought to repel the presumption, is not satisfactory. It appears that the judgment in favor of R. Reed, on which the execution was issued, ami under which the articles in question were sold and purchased, was procured by the plaintiff, pursuant to a previous arrangement with li., to whom he was indebted, which could not have been done without some secret understanding between II. and *the plaintiff; and his leaving all the articles, except two or three, -in the possession of II. for more than a year, without an agreement, appears surprising, especially such as were not *265 absolutely necessary to If. in his embarrassed situation. It appears that, of all the property purchased, the plaintiff took away only a cow, a steer, and two wagons; and in lieu of the wagons, he left one which he now claims as his own ; and when we see H. using part of the hay and corn, selling some of the wood, and converting the avails to his own use, and that no consideration was to be paid for the use of the property, the inference is irresistible that the transaction was fraudulent: and in regard to the wagon left with 11., it is equally evident that he must have possessed it as his own, in consequence of the fraudulent understanding between them. The nature of the arrangement between them is apparent on the, face of the transaction. It was evidently intended to benefit if, and to defraud the other creditors. We are of opinion, therefore, that the defendant is entitled to judgment, (a)
Judgment for the defendant.

 Vide Kellogg v. Griffin ante, 274, and note (a) 277.